UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23230-CIV-MARRA

In re:

ALLEN L. FEINGOLD,

    Debtor.

_____/

DISCIPLINARY BOARD OF
THE SUPREME COURT OF PENNSYLVANIA,

    Appellant,

vs.

ALLEN L. FEINGOLD,

    Appellee/Defendant.

_____/

**OPINION AND ORDER**

    This is an appeal by Appellant, The Disciplinary Board of the Supreme Court of Pennsylvania ("The Board"), of the Order Denying Motion for Relief from the Automatic Stay and the accompanying Opinion of the Bankruptcy Court entered on July 21, 2011.  The Court has carefully considered the appeal, the briefs of Appellant and Appellee Allen L. Feingold, the entire record on appeal, and is otherwise fully advised in the premises.

**I.  Background**

    The underlying facts of this case are not in dispute.  After being suspended on two separate occasions, Appellee/Debtor Feingold was disbarred by The Board on August 22, 2008.  The following year The Board filed a Complaint in Equity in the Court of Common Pleas in

Philadelphia County, Pennsylvania seeking to enjoin Appellee/Debtor Feingold from the unlawful practice of law and to appoint a conservator.  On February 18, 2011, a Pennsylvania court entered a final order and judgment that, among other equitable relief, ordered the payment of $44,889.92 to the Board for the costs and expenses of the appointed conservator and the disciplinary proceedings.  The costs and expenses were imposed on Appellee pursuant to Rule 208(g) and 328 of the Pennsylvania Rules of Disciplinary Enforcement as well as section 2425(c) of Title 42 of the Pennsylvania Consolidated Statutes.  On February 18, 2011, Appellee/Debtor Feingold filed a voluntary petition under chapter 7 of the Bankruptcy Court Code.

On April 19, 2011, the Bankruptcy Court heard arguments on The Board's Motion for Relief from the Automatic Stay.  On July 21, 2011 the Bankruptcy Court denied relief to The Board.  It is that decision that The Board now appeals.

## II. Legal Standard

The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*.  In re Globe Manufacturing Corp., 567 F.3d 1291, 1296 (11th Cir. 2009); In re Club Assoc., 951 F.2d 1223, 1228-29 (11th Cir. 1992).  Because the order on review was a grant of summary judgment, the Court will review the order *de novo*.

## III. Discussion

Section 362, Title 11 of the United States Code provides for the automatic stay of all judicial proceedings, including enforcement of judgments during the course of bankruptcy proceedings.  See 11 U.S.C. § 362.  "[T]he exercise of jurisdiction over the bankruptcy estate and the equitable distribution of the estate's property among the debtor's creditors are two of the three core in rem functions of a bankruptcy court. [Central Virginia Community College v. Katz,

2

546 U.S. 356, 363-64 (2006)].  The automatic stay is a fundamental procedural mechanism in bankruptcy that allows the court to carry out both of these functions.  Specifically, the stay facilitates the orderly administration and distribution of the estate by protecting the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors. Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir.1989)."  In re Diaz, 647 F.3d 1073, 1085 (11th Cir. 2011).

Section 523, Title of the United States Code, however, defines certain debts that are non-dischargeable and thus not subject to the automatic stay defined in section 362.  One such non-dischargeable debt is one "for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss."  11 U.S.C. § 523(a)(7). At issue here is whether the cost assessment imposed by The Board is a "fine, penalty, or forfeiture" or "compensation for actual pecuniary loss."

In Kelly v. Robinson, 479 U.S. 36 (1986), the United States Supreme Court held that restitution orders imposed in criminal proceedings are non-dischargable debts under section 523(a)(7).  In so holding, the Court stated:

> Because criminal proceedings focus on the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation, we conclude that restitution orders imposed in such proceedings operate "for the benefit" of the State.  Similarly, they are not assessed "for . . . compensation" of the victim.  The sentence following a criminal conviction necessarily considers the penal and rehabilitative interests of the State.  Those interests are sufficient to place restitution orders within the meaning of § 523(a)(7).

Id. at 53.

Appellee/Debtor Feingold relies on In re Taggart, 249 F.3d 987 (9th Cir. 2001).  In that

decision, the Ninth Circuit Court of Appeals held that "the costs of attorney disciplinary proceedings brought by the State Bar of California are compensation to the State Bar for 'actual pecuniary loss' rather than fine[s], penalt[ies], or forfeiture[s]'." Taggart, 249 F.3d at 994. The Ninth Circuit noted that the California Supreme Court chose to impose monetary sanctions against the debtor pursuant to a California statute (§ 6086.10) which required the imposition of costs, rather than another statute (§ 6086.13) that left imposition of penalties to the discretion of the court. Id. at 991-92. The Ninth Circuit therefore concluded that "A comparison of the plain language of these two sections, a comparison of cost assessment in attorney disciplinary hearings with that in civil litigation, and a review of the legislative history of § 6086.13 demonstrate that while fees imposed under § 6086.13 constitute fines or penalties, those imposed under § 6086.10 do not." Id.

In response to the Taggart decision, the California legislature amended its statutes to make clear that "costs imposed pursuant to this section [governing attorney discipline] are penalties, payable to and for the benefit of the State Bar of California." In re Findley, 593 F.3d 1048, 1052 (citing Cal. Bus. & Prof.Code § 6086.10(e)). In Findley, the Ninth Circuit revisited its interpretation of section 6086.10 and, in light of the amendment to that statute, held that fines imposed pursuant to section 6086.10 are not dischargable because they are a fine as defined by section 523(a)(7). Id. at 1054.

Appellant relies primarily on Richmond v. New Hampshire Supreme Court Committee on Professional Conduct, 542 F.3d 913 (1st Cir. 2008). In that decision, the First Circuit Court of Appeals held:

The discretionary nature of New Hampshire cost assessments strongly suggests

>that they should be viewed as penalties.  While Richmond believes that the costs are awarded in a perfunctory manner, the New Hampshire Supreme Court has stated on several occasions that the cost assessments are viewed as part of the sanction.  Further, the New Hampshire Supreme Court has made clear that the "appropriateness" of the costs sanction is based on the disciplined attorney's conduct.  This is strong evidence that the cost assessments are being imposed as part of a sanction.

Id. at 918 (internal citations omitted).

Kelly, Taggart and Richmond are not in conflict with one another; rather they all stand for the same proposition: the applicability of section 523(a)(7) hinges on the underlying purpose and policy behind a specific penalty on a debtor.  Here, the relevant rule upon which The Board relied in imposing a cost assessment on Appellee/Debtor Feingold provides:

>**(g) Costs.**
>
>(1) The Supreme Court in its discretion may direct that the necessary expenses incurred in the investigation and prosecution of a proceeding which results in the imposition of discipline shall be paid by the respondent-attorney. All expenses taxed under this paragraph shall be paid by the respondent-attorney within 30 days of entry of the order taxing the expenses against the respondent-attorney.
>
>(2) In the event a proceeding is concluded by informal admonition or private reprimand, the Board in its discretion may direct that the necessary expenses incurred in the investigation and prosecution of the proceeding shall be paid by the respondent-attorney. All expenses taxed by the Board under this paragraph shall be paid by the respondent-attorney on or before the date fixed for the appearance of the respondent-attorney before Disciplinary Counsel or the Board for informal admonition or private reprimand. The expenses which shall be taxable under this paragraph shall be prescribed by Board rules.
>
>(3) The expenses taxable under paragraph (1) or (2) may include an administrative fee except that an administrative fee shall not be included where the discipline imposed is an informal admonition. The administrative fee shall be $250.

PA ST DISC Rule 208 (emphasis supplied).

The Supreme Court of Pennsylvania has stated "[t]he primary purpose of our lawyer

5

discipline system in Pennsylvania is to protect the public, preserve the integrity of the courts, and deter unethical conduct." Office of Disciplinary Counsel v. Czmus, 889 A.2d 1197, 1203 (Pa. 2005). The disciplinary proceedings brought against Appellee were obviously initiated to further those underlying purposes. In view of that fact, and the discretionary nature of the imposition of the award, the Court concludes that the cost assessments outlined in Rule 208(g) "strongly suggests that they should be viewed as penalties." Richmond, 542 F.3d at 918. Because the disciplinary proceedings against Appellee were brought to protect the public interest and because the rule-making body left the imposition of cost assessments up to The Board, the Court concludes that the imposition of such costs are intended to serve as a penal tool available to The Board in certain circumstances.

In his Response, the only decisional authority relied on by Appellee/Debtor Feingold is Taggart and Lufkin v. Board of Professional Responsibility, 336 S.W.3d 223 (Tenn. 2011). Both of those cases, however, involved statutes that required the imposition of cost assessments. See Taggart, 249 F.3d at 991 (citing Cal. Bus. & Prof.Code § 6086.10); Lufkin, 336 S.W.3d at 225, n.3 (citing Tennessee Supreme Court Rule 9, section 24.3). The absence of discretion in the applicable rules, however, negates the underlying purpose of the award being a sanction or penalty to be imposed on a case by case basis depending on the circumstances of the particular case. The essence of a penal system is the exercise of discretion in the type and extent of punishment to be imposed in a particular case. On the other hand, where discretion is eliminated, and the imposition of costs associated with disciplinary proceedings is automatic or mandatory, the underlying purpose of the award is to seek reimbursement for pecuniary loss.

Appellee/Debtor Feingold also references a number of Pennsylvania statutory provisions

and asserts that nothing in those provisions supports a conclusion that the cost assessment at issue here was intended to be punitive.  However, for reasons discussed above, the Court finds the need to protect the public interest, in combination with the discretionary nature of the cost assessment statute, is indicative of an underlying penal intent.

In the order presently on review, the Bankruptcy Court determined, as a matter of law, that cost assessments ordered pursuant to Pennsylvania Rule 208(g) were "compensation for actual pecuniary loss," not a "fine, penalty, or forfeiture."  The Bankruptcy Court placed primary reliance for its decision on the statement made by Appellant in its motion seeking relief from the automatic stay, where Appellant stated "[t]he monetary component of the Judgment was ancillary to the disciplinary proceedings and simply designed to reimburse the Board and the Conservator for the costs associated with their many years of litigation against the Debtor."  While at first blush this statement appears to undermine Appellant's position, this Court agrees with Appellant that this statement taken out of context.  When read in context, Appellant was merely stating that the monetary aspect of the judgment it was seeking leave to enforce was ancillary to the other more important aspects of the judgment which, in the public interest, should be implemented.  Appellants less than precise use of language should not be used as a basis to misinterpret the legal effect of the regulatory scheme in the State of Pennsylvania that may have ramifications beyond this particular case.

Therefore, this Court concludes that the Bankruptcy Court erred when it determined that the cost assessment imposed on Appellee was dischargeable.   This Court concludes that he cost assessment at issue was intended as a penalty and is therefore non-dischargeable pursuant to section 523(a)(7).  Accordingly, that order on appeal is **REVERSED**.

## IV.  Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the decision on appeal **REVERSED** and **REMANDED** for further proceedings consistent with this Order.  This case is **CLOSED**, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 17th  day of May, 2012.

_____
KENNETH A.  MARRA
United States District Judge